Filed 6/29/23  P. v. Lopez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ROBERTO GARCIA LOPEZ,<br><br>    Defendant and Appellant. | F084487<br><br>(Super. Ct. No. LF010149A)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  John R. Brownlee, Judge.

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Darren K. Indermill and Ivan P. Marrs, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Appellant Roberto Garcia Lopez appeals his present judgment and sentence, imposed following a resentencing hearing ordered in a prior appeal.  Appellant's case has been proceeding through the appellate process for several years.  In a prior appeal, this court generally upheld appellant's convictions under the then-existing law but remanded the matter to the trial court to exercise its discretion under then recently enacted Senate

Bill No. 620 (2017–2018 Reg. Sess.).  (*People v. Lopez* (Jan. 31, 2020, F074412) [nonpub. opn.].)  Since that time, many additional changes to the law have occurred.  In this appeal, appellant again asks us to remand the matter to the trial court based on these additional changes to the law, noting that the trial court felt it could not consider these issues given the specific nature of the remittitur following the prior appeal.  Notably, the People concede that all of the issues raised by appellant are related to newly enacted laws that are retroactive and applicable to appellant.  Upon review, we agree with appellant and the People and remand the matter to the trial court for further proceedings warranted under recent changes to the law.

## FACTUAL AND PROCEDURAL BACKGROUND

The underlying facts relating to the crime are neither contested by the parties for the purpose of this appeal nor particularly relevant to the arguments, aside from some references to the scope of the expert testimony provided in support of the gang aspects of the case.  This court previously recounted the facts of the case in detail in *People v. Lopez*, *supra*, F074412, and the parties generally adopt those facts in their briefing.  Accordingly, we incorporate by reference the factual and procedural background section from our opinion in *People v. Lopez* as if fully set forth herein and note that any additional relevant facts will be included as part of the discussion if necessary to the resolution of this appeal.

Following our opinion in *People v. Lopez*, *supra*, F074412, appellant sought review with our Supreme Court but was denied.  Accordingly, the remittitur was issued on June 17, 2020.  At that point, our disposition instructed the trial court "to determine whether to exercise its discretion pursuant to [Penal Code] section 12022.5, subdivision (c)" to dismiss certain sentencing enhancements previously imposed and resentence appellant.

After several continuances and status conferences, appellant filed a brief in April 2022, seeking to set aside his gang enhancements under former Penal Code

2.

section 186.22 based on changes to the law made by Assembly Bill No. 333 (2021–2022 Reg. Sess.) (Assembly Bill 333). At this point, the trial court had not yet acted upon the remittitur. The People opposed, arguing appellant's case was final for purposes of the gang enhancements prior to the effective date of Assembly Bill 333 and that the remittitur did not permit the trial court to consider such arguments.

At a hearing in May 2022, the trial court agreed with the People that appellant's case was final with respect to the arguments under Assembly Bill 333 and rejected appellant's request. The trial court concluded it would "limit any resentencing to the direction of the remittitur as to the gun enhancement." After a short continuance, the trial court then heard argument on whether to reimpose the gun enhancement under Penal Code section 12022.53.[1] After taking additional mitigation evidence and hearing argument, the trial court determined it would "exercise its discretion in imposing the [section ]12022.5[, subdivision ](c) enhancements as it previously did at the initial hearing" because "the gravity of the offense and [appellant]'s criminal history" made striking the enhancements inappropriate.

This appeal timely followed.

## DISCUSSION

In this appeal, appellant identifies six changes to the law that occurred while he sought further review or waited for the court to act on the remittitur. First, appellant identifies Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136), which now requires the court find specific circumstances exist to impose the upper term for a sentence. Second, appellant identifies Assembly Bill No. 518 (2021–2022 Reg. Sess.), which now grants trial courts the authority to impose any term, rather than only the greatest term, when multiple convictions result in stayed sentences under section 654. Third, appellant identifies Senate Bill No. 567 (2021–2022 Reg. Sess.), which amended section 1170 to make the middle term the presumptive sentence and created a

---

[1] Undesignated statutory references are to the Penal Code.

3.

presumption in favor of a low prison term when certain circumstances exist. Fourth, appellant identifies case law changes to the trial court's discretion under section 12022.53 as described in *People v. Tirado* (2022) 12 Cal.5th 688, 694–695, which created additional options besides imposing or rejecting the gun enhancement penalty. Fifth, appellant identifies Assembly Bill 333, which made substantive changes to the requirements for conviction of a gang enhancement under section 186.22. Sixth, appellant identifies Senate Bill No. 81 (2021–2022 Reg. Sess.), which modified section 1385 and instructed courts that they should give great weight to evidence in favor of dismissing certain enhancements unless that act would endanger public safety.

Appellant concedes that counsel did not raise some of these grounds below, but argues that such an action would have been futile given the trial court's determination that the case was final and that it could not consider any issues other than that identified in the remittitur. On the merits, appellant requests this court review his sentence in light of the changes and direct the trial court to strike various aspects of the sentence or utilize its discretion to reconsider others. Appellant further suggests this court should strike the gang enhancement convictions imposed under former section 186.22.

In response, the People concede that appellant is entitled to a new sentencing hearing, including consideration of each law identified. With respect to Senate Bill 136, the People agree that changes to the law invalidate appellant's sentence because it included time for prior prison terms imposed pursuant to former section 667.5 and point out that additional relevant changes implemented through Senate Bill No. 483 (2021–2022 Reg. Sess.) (Senate Bill 483) support appellant's requests on appeal. As part of these changes, a court conducting a resentencing hearing under Senate Bill 483 is obligated to consider any other ameliorative laws that would be applicable to sentencing at that time. (§ 1172.75, subd. (d)(2).) Based on this concession, the People contend that the best course of action is to remand for a new sentencing hearing, where appellant can raise his arguments as to each of the newly enacted laws, but asks this court to refrain

4.

from reaching the merits on these disputes given the need for a new hearing. With respect to the gang enhancement changes, the People accept that the evidence does not appear to support a conviction under the new law but contend that they should be permitted to retry appellant on that enhancement.

*Effect of Senate Bill 136 as Amended by Senate Bill 483*

Effective January 1, 2020, Senate Bill 136 amended section 667.5, subdivision (b) to limit application of prior prison term enhancements to only prior prison terms that were served for sexually violent offenses as defined by Welfare and Institutions Code section 6600, subdivision (b). (§ 667.5, subd. (b).) (Stats. 2019, ch. 590, § 1.) That amendment was applied retroactively, pursuant to *In re Estrada* (1965) 63 Cal.2d 740, to all cases not yet final on Senate Bill 136's effective date. (*People v. Lopez* (2019) 42 Cal.App.5th 337, 341–342, citing *In re Estrada*, at p. 742.)

Later, Senate Bill 483 added section 1171.1.[2] (Stats. 2021, ch. 728, § 3.) As currently numbered, section 1172.75, subdivision (a) reads: "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid." Resentencing after relief pursuant to section 1172.75 "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety" and "shall not result in a longer sentence than the one originally imposed." (§ 1172.75, subd. (d)(1).) Further, resentencing "shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (*Id.*, subd. (d)(2).)

---

[2] Section 1171.1 was subsequently renumbered section 1172.75, effective June 30, 2022. (Stats. 2022, ch. 58, § 12.)

In light of the requirements of section 1172.75 and the People's concessions, we agree that remanding for a new sentencing hearing is the proper and most judicially efficient result. As both appellant and the People recognize, appellant's sentence is currently invalid because it includes sentence enhancements that were imposed pursuant to subdivision (b) of former section 667.5, which are no longer permitted under Senate Bill 136. At a minimum, under section 1172.75, appellant is entitled to a new sentencing hearing at which time the court shall apply the current sentencing scheme, including those ameliorative laws identified by appellant and enacted during the pendency of his appeal. This includes all of the new legal arguments identified by appellant, save for the effect Assembly Bill 333 may have on his gang enhancement convictions under former section 186.22, which we discuss further below. (See *People v. Flores* (2022) 73 Cal.App.5th 1032, 1039 [Sen. Bill No. 567 applies retroactively as an ameliorative change in the law applicable to all nonfinal convictions on appeal]; *People v. Tirado*, *supra*, 12 Cal.5th at p. 697 [trial court has discretion to impose enhancement under § 12022.43, subd. (b) or (c), in place of § 12022.43, subd. (d), even if not previously alleged]; *People v. Sek* (2022) 74 Cal.App.5th 657, 673–674 [Assem. Bill No. 518 entitled to retroactive application and Sen. Bill No. 81 specifically applicable to resentencing hearings occurring after Jan. 1, 2022].)

*Effect of Assembly Bill 333*

Prior to resentencing, appellant requested the trial court consider the impact of Assembly Bill 333 on the gang enhancements applicable to his sentence. The People opposed at the time, arguing that appellant's case had become final prior to the effective date of Assembly Bill 333 and that this court's remittitur did not allow consideration of any issues outside of issues relating to Senate Bill No. 620 (2017–2018 Reg. Sess.). The trial court agreed, rejecting any claim it could consider changes implemented under Assembly Bill 333 because it concluded appellant's case was final as to that issue.

On appeal, the People no longer argue that appellant's case was final for purposes of Assembly Bill 333 and concede not only that appellant "will also be entitled to the benefit of [Assembly Bill] 333's amendments to section 186.22," but that "the gang enhancement findings made at appellant's trial do not appear to comply with the new statutory terms." We agree with the People's concessions. Our Supreme Court has confirmed that Assembly Bill 333 is retroactive to all nonfinal cases under *In re Estrada*. (*People v. Tran* (2022) 13 Cal.5th 1169, 1206–1207 (*Tran*).)[3] Further, as appellant points out, our Supreme Court recently explained that under *In re Estrada*, a case is no longer final when the underlying sentence is vacated and a new sentence is imposed. (*People v. Padilla* (2022) 13 Cal.5th 152, 161–162 (*Padilla*).)

In this case, although appellant's conviction was upheld in the prior appeal, this court remanded for resentencing purposes because changes in the law had conferred new discretion on the trial court that had not existed when it initially sentenced appellant. The need to reconsider appellant's sentence thus necessarily worked to vacate the existing sentence so that the trial court could exercise its discretion and then impose a new sentence. Appellant's case was thus not final at the time the trial court reconsidered appellant's sentence. (*Padilla*, *supra*, 13 Cal.5th at p. 161 ["A case is final when 'the criminal proceeding as a whole' has ended [citation] and 'the courts can no longer provide a remedy to a defendant on direct review.' "].) Further, even if this were not the case, the changes implemented in section 1172.75 require vacating appellant's existing sentence and, under *Padilla*, means that appellant's case is not final, and consideration of changes implemented by Assembly Bill 333 is now proper. (*Padilla*, at pp. 161–162 ["When Padilla's sentence was vacated, the trial court regained the jurisdiction and duty

---

[3] In that opinion, our Supreme Court recognized a split of authority regarding the retroactivity of amendments to section 1109 but did not resolve that split. (*Tran*, *supra*, 13 Cal.5th at p. 1208.) That question is currently pending before the Supreme Court in *People v. Burgos*, review granted July 13, 2022, S274743. The People's concession here is limited to the retroactivity of amendments to section 186.22.

to consider what punishment was appropriate for him, and Padilla regained the right to appeal whatever new sentence was imposed. His judgment thus became nonfinal, and it remains nonfinal in its present posture because the Court of Appeal ordered a second resentencing, from which the Attorney General now appeals."].)

Based on its conclusion that the case was final, the trial court did not reach the merits of appellant's motion seeking to vacate the gang enhancements attached to his conviction. On appeal, appellant contends the evidence was insufficient to support a conviction because the newly structured statutory scheme requires proof that the gang collectively engaged in a pattern of gang activity, that each predicate crime was committed by a gang member, that the predicate offenses commonly benefited the gang, and that the alleged benefit was more than reputational, and no evidence was submitted on those requirements. In response, the People do not contest the evidence submitted fails to meet one or more of the new requirements, explaining that without "the guidance of the current state of the law, it is questionable whether the evidence presented at trial fulfilled [Assembly Bill] 333's amendments to section 186.22. Specifically, it is unclear how the specific crimes benefitted the [Varrio Chico Lamont] gang beyond reputation." The People argue, however, that they are entitled to retry appellant on the gang enhancements because they properly proved the gang enhancement under the applicable law at the time. (See *People v. Lopez* (2022) 82 Cal.App.5th 1, 13–14 [confirming Assem. Bill 333 is ameliorative and retroactive and noting the proper " 'remedy for this type of failure of proof—where newly required elements were "never tried" to the jury— is to remand and give the people an opportunity to retry the affected charges.' "].)

This court accepts the People's concession that there is a failure in the existing record to demonstrate that the predicate offenses benefited the Varrio Chico Lamont gang in a manner other than reputationally. Upon review of the relevant record in *People v. Lopez*, *supra*, F074412, which this court previously took judicial notice of, there appears to be no expert testimony shedding light on why the predicate offenses were committed,

8.

only evidence as to the offenses committed and the fact they were committed by Varrio Chico Lamont gang members. While there was no reason to extract information under the prior statutory scheme on the benefit to the gang when committing the predicate offenses, this lack of evidence means the record is now insufficient to satisfy the current statutory requirements. (See *People v. Lopez*, *supra*, 82 Cal.App.5th at p. 12 ["As of January 1, 2022, predicate offenses must be shown to have 'commonly benefited' the alleged gang, and the common benefit must have been 'more than reputational.' (§ 186.22, subd. (e)(1)."].) Notably, we also agree with the People, in line with our affirmation of the conviction in appellant's prior appeal, that the People properly obtained a conviction under the law as it stood prior to Assembly Bill 333 becoming effective. We therefore vacate appellant's enhancements under former section 186.22 and remand to give the People an opportunity to retry appellant on the affected charges. (See *Lopez*, at pp. 13–14.)

## DISPOSITION

All enhancement findings under former section 186.22, subdivision (b) are reversed but subject to retrial. Appellant's sentence is ordered vacated and the matter is remanded to the trial court for further proceedings consistent with this opinion. In all other respects, the judgment is affirmed.

HILL, P. J.

WE CONCUR:


POOCHIGIAN, J.


SMITH, J.